IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, ) | No. CIV 12-547-TUC-FRZ (LAB) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Joseph P. Robles, individually and doing ) business as Samurai Japanese Steakhouse ) & Sushi Bar, also known as Samurai ) Teppan & Sushi; et al., ) | |
| Defendants. ) | |

Pending before the court is the plaintiff's motion for default judgment pursuant to Fed.R.Civ.P. 55(b), filed on June 6, 2013. (Doc. 17)  The sole remaining defendant, Joseph P. Robles, did not file a response. *See* (Doc. 14)

The plaintiff in this case, J & J Sports Productions Incorporated, distributes sports and entertainment programming.  On July 31, 2010, the defendants unlawfully intercepted and broadcast one of those programs at their place of business, the Samurai Japanese Steakhouse & Sushi Bar.   In the pending motion, J & J Sports moves for default judgment against the sole remaining defendant, Joseph P. Robles.  (Doc. 17)

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the local Rules of Practice.  LRCiv 72(a).

Factual and Procedural History

On Saturday, July 31, 2010, J & J Sports offered for distribution the program, "Fight of the Year: the Rematch!": Juan Manuel Marquez v. Juan Diaz Championship Fight Program. (Doc. 17, p. 2)  Rather than pay the licencing fee, Joseph P. Robles unlawfully intercepted and broadcast the program in his restaurant, the Samurai Japanese Steakhouse & Sushi Bar. (Doc. 1)  The complaint alleges three causes of action: (1) a violation of 47 U.S.C. § 605, (2) a violation of 47 U.S.C. § 553, and (3) conversion.  (Doc. 1)

Section 605 forbids the unauthorized reception and broadcast of wire or radio communications and provides for statutory damages of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).  If "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 . . . ." 47 U.S.C.A. § 605(e)(3)(C)(ii).

Section 553 forbids the unauthorized reception of cable service and provides for statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553 (c)(3)(A)(ii).  If "the violation was committed willfully and for purposes of commercial advantage or private financial gain" damages may be enhanced by up to $50,000. 47 U.S.C. § 553 (c)(3)(B).

The defendant, Joseph P. Robles, was personally served on November 13, 2012. (Doc. 13, p. 1)   He failed, however, to file a responsive pleading.  J & J Sports filed an application for entry of default, which was granted on February 27, 2013.  (Doc. 16)

On June 6, 2013, J & J Sports filed the pending motion for default judgment. (Doc. 17) It asks for judgment on its claim pursuant to 47 U.S.C. § 650 and on its claim for conversion. (Doc. 17-1, p. 20)

In support of its motion, J & J Sports provides an affidavit from an investigator who states that she observed the Marquez vs. Diaz fight playing at the Samurai Japanese Steakhouse & Sushi Bar on July 31, 2010. (Doc. 17-3)  The fight was shown on one 50" television. *Id*.  There was no cover charge to enter. *Id*.  The establishment had a capacity

1 of 125 persons, but the investigator observed at most 38 persons in the establishment at any
2 one time. *Id.* It appears that it would have cost $1,600 to license the fight legally. (Doc. 18)

Discussion

After the entry of default, the court may issue a default judgment against a non-appearing party. FED.R.CIV.P. 55(b)(2). The decision to issue judgment is a matter left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The court will assume the factual allegations made in the complaint are true, except those related to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

The court finds J & J Sports is entitled to a default judgment. The defendant was served with process but failed to appear. (Doc. 13) Accordingly, J & J Sports would be without recourse should its motion be denied. Assuming the factual allegations made in the complaint are true, the plaintiff's claim has merit. The Samurai Japanese Steakhouse displayed the program without buying a proper license. It seems unlikely that it was shown by accident. *See J & J Sports Productions Inc. v. Miramontes*, 2011 WL 892350, 2 (D.Ariz. 2011). Accordingly, the material facts do not appear to be in dispute. The only remaining issue is the amount of damages.

J & J Sports moves for statutory damages of $10,000 and enhanced damages of

1 $100,000 pursuant to § 605.[1] The court finds these amounts to be unreasonable.

2 In choosing the amount of statutory damages, the court should seek an amount that will deter future violations without destroying the defendant. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). In this case, it appears that it would have cost $1,600 to license the fight legally. (Doc. 18) Damages should be at least this amount plus an amount that would deter future violations. The court finds an award of $7,000 to be appropriate. *See, e.g., Joe Hand Promotions, Inc. v. Kostopoulos*, 2011 WL 1656789, 3 (D.Ariz. 2011) (awarding $5,000 in statutory damages where a commercial licencing fee would have been $875).

10 J & J Sports further moves for enhanced damages in the amount of $100,000 because the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C.A. § 605(e)(3)(C)(ii). In determining enhanced damages, "[c]ourts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices, but some courts find the mere unauthorized showing of a program sufficient to award enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit." *Joe Hand Promotions, Inc. v. Kostopoulos*, 2011 WL 1656789, 3 (D.Ariz. 2011).

19 Here, the program was broadcast in a commercial establishment for the entertainment of its paying customers. (Doc. 17-3) Accordingly, enhanced damages are appropriate. There is, however, no evidence of repeat violations, substantial unlawful monetary gains, cover charges, or premium menu or drink prices. (Doc. 17-3) The program was shown on only one television to, at most, 38 persons at one time. *Id.* The court should award enhanced damages of $5,000. *See, e.g., Joe Hand Promotions, Inc. v. Kostopoulos*, 2011 WL

---

[1] It is not clear by what method the program was transmitted. It is therefore unclear whether § 553 or § 605 was violated. The court need not resolve this issue, however, because the court's damages award is appropriate under either statute. *See Joe Hand Promotions v. Kostopoulos*, 2010 WL 1656789, 2 (D.Ariz. 2011).

1656789, 3 (D.Ariz. 2011) (awarding enhanced damages of $10,000 where the program was shown on six large televisions to up to 85 persons at one time).

Finally, J & J Sports moves for conversion damages. "Conversion is any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein." *Scott v. Allstate Ins. Co.*, 27 Ariz.App. 236, 240, 553 P.2d 1221, 1225 (Ariz.App. 1976). Here, however, the facts supporting the conversion claim are the same as those establishing liability under 47 U.S.C. § 605. And a plaintiff may not recover twice for the same harm even if it has alleged two different legal theories. *See Burgess v. Premier Corp.*, 727 F.2d 826, 837 (9th Cir. 1984) ("Although the jury found for the doctors on claims . . . under federal securities laws . . . and pursuant to principles of common law fraud and negligent representation, the doctors are entitled to only one recovery for their out of pocket losses . . . ."); *J & J Sports Productions v. Frank Little Enterprises*, 2012 WL 6019366 (D.Md. 2012); Dan B. Dobbs, Law of Remedies, v.1, 314-315 (1993); 25 C.J.S. Damages § 26 (2013). Conversion damages should not be awarded.

RECOMMENDATION

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING IN PART the motion for default judgment filed by the plaintiff on June 6, 2013, (Doc. 17) Judgment should be entered against the defendant in the amount of $7,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) plus $5,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. Reply briefs are not permitted under the Local Rules.

DATED this 29th day of August, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 5 -